IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JEVON SEWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-460-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

After obtaining authorization under 28 U.S.C. §§ 2252(h)(2) and 2244(b)(3)

from the Eleventh Circuit Court of Appeals to file a second or successive 28 U.S.C.

§ 2255 motion, Petitioner Timothy Jevon Sewell filed the instant Motion to Vacate,

Set Aside, or Correct a Sentence by a Person in Federal Custody.  (Doc. # 1.)  Sewell

moves the court to correct his sentence under *Johnson v. United States*, 135 S. Ct.

2551 (2015), which voided for vagueness the residual clause of the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and which applies retroactively to

cases on collateral review.  *See Welch v. United States*, 136 S. Ct. 1257 (2016).  The

United States agrees that Sewell's ACCA-enhanced sentence on Count 4 is illegal,

but seeks the opportunity to make additional arguments on the extent of relief at any

resentencing hearing.  For the reasons that follow, Sewell no longer qualifies for an

ACCA-enhanced sentence on his conviction on one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  However, because

Sewell's 180-month sentence on Count 4 was ordered to run concurrently with a

250-month sentence on two counts for drug offenses, additional briefing is needed

to parse whether a resentencing hearing is required and, if it is, to resolve what law

governs at a § 2255 resentencing hearing.

## I. BACKGROUND

A jury convicted Sewell on two drug counts (Counts 1 and 2) and one count

for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)

(Count 4).  According to the presentence investigation report ("PSR"), on Count 4,

Sewell was subject to an ACCA sentencing enhancement based on a Pennsylvania

conviction for conspiracy to deliver cocaine, an Alabama conviction for escape in

the second degree, and an Alabama conviction for stalking.  (PSR, at ¶ 25.)  The

PSR also calculated that Sewell qualified as a career offender under the Sentencing

Guidelines based on his Alabama convictions for escape in the second degree and

stalking.  (*See* PSR, ¶ 26.)

The PSR grouped Counts 1, 2 and 4 under § 3D1.2(c) and (d) of the

Sentencing Guidelines.  Based on Sewell's status an armed career criminal under the

ACCA, the PSR applied the § 4B1.4 enhancement.  In Sewell's case, this

enhancement resulted in a base offense level of 34 by reference to § 4B1.1, the career

offender guideline, which produced the greatest offense level.  The PSR also

concluded that Sewell's prior Alabama convictions for escape in the second degree and stalking qualified Sewell for career-offender status under § 4B1.1(a). *See* U.S.S.G. § 4B1.1 (defining career offender as one who has "two prior felony convictions of either a crime of violence or a controlled substance offense"). Because the career-offender guideline applied, Sewell's criminal history category was VI. *See* U.S.S.G. § 4B1.1(b).[1] The PSR concluded, therefore, that Sewell's prior felony convictions qualified him as both a career offender under the Sentencing Guidelines and an armed career criminal under the ACCA. Sewell objected to the enhanced sentence calculated in the PSR.

At the sentencing hearing held on October 21, 2005, the sentencing judge overruled the objection, but sustained a different objection and awarded Sewell one point for acceptance of responsibility. (Sentencing Tr. 4–8, 22–23 (Doc. # 7-3).) Based on total offense level of 33 and a criminal history category of VI, Sewell's guidelines range was 235 to 293 months. Ultimately, Sewell was sentenced to 250 months on Counts 1 and 2 and 180 months on Count 4, with all terms to run concurrently.[2]

---

[1] The PSR's calculations used the 2004 edition of the Guidelines Manual. (PSR, ¶ 17.)

[2] The PSR indicates that Sewell has been detained in federal custody since October 21, 2003.

## II.  DISCUSSION

**A.**   **The ACCA (Count 4)**

Sewell received a 180-month sentence on Count 4 on his § 922(g)(1) conviction for being a felon in possession of a firearm.   A conviction under § 922(g)(1) normally carries a sentence of not more than ten-years' imprisonment. 18 U.S.C. § 924(a)(2).   However, under the ACCA, an individual who violates § 922(g) and has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a fifteen-year minimum sentence. § 924(e)(1).   The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-crimes clause; and (3) and the residual clause. *See In re Sams*, No. 16-14515-J, ___ F.3d ___, 2016 WL 3997213, at *2 (11th Cir. July 26, 2016).

Sewell contends that, based upon *Johnson* and *Welch*, his Alabama convictions for stalking and escape in the second degree no longer qualify as predicate violent felonies under the ACCA's residual clause.   Sewell argues further

that these convictions do not count as violent felonies under the ACCA's other definitions that are unaffected by *Johnson* and that, therefore, without these convictions, he does not have three qualifying convictions under the ACCA. The United States agrees that Sewell's conviction for escape in the second degree is no longer a qualifying predicate conviction under the ACCA and that, without this conviction, Sewell does not have enough convictions to support an ACCA designation. The United States concedes that Sewell's ACCA sentence on Count 4 is illegal and contends that it is unnecessary for purposes of Sewell's *Johnson* challenge to also decide whether the Alabama conviction for stalking qualifies under the ACCA.

At the time of sentencing, the arguments concerning whether Sewell had the requisite number of ACCA predicate convictions focused on whether Alabama's statute criminalizing escape in the second degree fell under the residual clause. The sentencing court found that it did. Because the ACCA's residual clause now is void, unless the conviction satisfies another definition of "violent felony" under either § 924(e)(2)(B)'s elements clause or enumerated-crimes clause, it cannot be used to enhance Sewell's sentence under the ACCA. The conviction satisfies neither.

Section 13A-10-32 of the Alabama Code defines escape in the second degree as an "escape[ ] or attempt[ ] to escape from a penal facility." § 13A–10–32(a) (1975). This crime does not include as an element the use of force, the attempt to

use force, or threats to use force against a person.  The crime also is not listed in the enumerated-crimes clause; escape in the second degree is not burglary, arson, or extortion and does not involve the use of explosives.  Because Sewell's conviction for escape in the second degree no longer qualifies as an ACCA predicate offense, Sewell is one conviction short of the required three.  His sentence on Count 4, therefore, exceeds the ten-year maximum authorized sentence under § 924(a).[3]  This does not end the inquiry, though.

## B.   Resentencing Issues

The impact of the invalidity of Sewell's ACCA-enhanced sentence on resentencing raises questions that go unanswered by the parties.  Briefing will be required on the following two issues.

The first issue is whether a resentencing hearing is necessary.  Sewell also received a sentence of 250 months on the drug convictions in Counts 1 and 2, to run concurrently with the 180-month sentence on Count 4.  The 250-month sentence rested, at least in part, on a finding that Sewell's prior convictions for escape in the second degree and stalking also were "crimes of violence" under the Sentencing Guidelines governing career offenders.  *See* U.S.S.G. § 4B1.1.  Although the

---

[3] There is no dispute that Sewell's 180-month sentence on Count 4 exceeds the 120-month statutory maximum in § 924(a).  Based on the PSR's calculation that Sewell has been detained in federal custody since October 23, 2003, Sewell has served a sentence longer than the statutory maximum sentence under § 924(a).

Supreme Court recently granted certiorari in *Beckles v. United States*, No. 15-8544, 136 S. Ct. 2510, (June 27, 2016), to decide whether the residual clause in § 4B1.2(a)(2) is unconstitutionally vague, currently, the Eleventh Circuit's decision in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), forecloses Sewell from bringing a *Johnson*-based challenge to his career-offender enhancement under the Sentencing Guidelines.   *See Matchett*, 802 F.3d at1193–96 (holding that the vagueness doctrine, upon which the Supreme Court's decision in *Johnson* relied to invalidate the ACCA's residual clause, does not apply to the advisory Sentencing Guidelines).   And, even without application of the ACCA, it appears that, based upon Sewell's status as a career offender, pursuant to the guidelines in effect at the time of his sentencing, his base offense level and his criminal history category would not change.[4]  *See* U.S.S.G. § 4B1.1.  *Johnson* removes the ACCA-enhanced penalty of 180 months from Sewell's § 922(g)(1) conviction, meaning that his sentence on Count 4 is capped at 120 months, but his sentence on Counts 1 and 2 more than twice exceeds that cap.

The parties have not addressed how, if at all, the 250-month concurrent sentence on Counts 1 and 2 affects Sewell's § 2255 motion.  In particular, a question arises whether the "sentencing package doctrine" or the "concurrent sentence

---

[4]  The Sentencing Commission has amended the Career Offender Guidelines, effective August 1, 2016, to remove the residual clause from the "crime of violence" definition; however, that amendment has not been made retroactive.

7

doctrine" should govern in this case. *Compare United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014) (explaining that the "sentencing package doctrine" is a "common judicial practice grounded in a basic notion" that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant § 3553(a) factors"); *United States v. Rozier*, 485 F. App'x 352, 356 (11th Cir. 2012) (holding that "a district court has jurisdiction to resentence a defendant on unchallenged counts of conviction, following a successful collateral attack, when the unchallenged and challenged counts are 'interdependent' for sentencing purposes under the Guidelines), *with United States v. Fuentes-Jimenez*, 750 F.2d 1495, 1497 (11th Cir. 1985) (per curiam) (explaining that, under the "concurrent sentence doctrine," "if a defendant is given concurrent sentences on several counts and the conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts," unless the defendant would suffer "adverse collateral consequences from the unreviewed conviction"); *In re Williams*, No. 16-13013-J, 2016 WL 3460899, at *5 (11th Cir. June 24, 2016) (applying the concurrent sentence doctrine to deny an inmate's application to file a second or successive § 2255 motion to raise a *Johnson* claim); *Willits v. United States*, No. 2:04-CR-100-FTM-33CM, 2016 WL 1670580, at *2 (M.D. Fla. Apr. 26, 2016) (analyzing whether under § 2255 where the inmate's

sentence erroneously was enhanced under the ACCA "the Court should resentence [the inmate] on both counts of conviction under the sentencing package doctrine or decline to resentence [him] under the concurrent sentence doctrine"). A resentencing hearing is necessary under the sentencing package doctrine, but not under the concurrent sentence doctrine. *See Adams v. United States*, 338 F. App'x 799, 800 (11th Cir. 2009) ("The prisoner's right to a resentencing hearing depends on whether his original sentencing package was vacated in its entirety.").

As to the second issue, if a resentencing hearing is warranted, the parties are directed to address which version of the advisory Sentencing Guidelines governs at a resentencing hearing following a successful § 2255 motion. Which version could matter in this case because, while the career offender's residual clause was in effect at the time of sentencing, the current Guidelines have removed that clause, *see supra* note 4, although the current amendment was not given retroactive effect. Specifically, the parties should address whether 18 U.S.C. § 3742(g)(1) requires the use of the guidelines in effect at the time of Sewell's original sentencing or whether 18 U.S.C. § 3553(a)(4)(A)(ii) requires the use of the guidelines in effect at the time of the resentencing. *Compare* § 3742(g)(1) (When conducting a resentencing hearing on remand, the district court "shall apply the guidelines . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto . . . ."); *United States v. Bordon*, 421 F.3d

1202, 1207 (11th Cir. 2005) (holding that on remand, § 3742(g)(1) requires the use of prior guidelines where there has been a favorable guidelines change that was not given retroactive effect), *with* § 3553(a)(4)(A)(ii) (providing that, in fashioning a sentence, the district court should consider the guidelines, "except as provided in section 3742(g), [that] are in effect on the date the defendant is sentenced"); *United States v. Tidwell*, No. 15-1161, ___ F.3d ___, 2016 WL 3568060, at *2 (8th Cir. July 1, 2016) (holding that when the resentencing hearing is not based on a remand, but rather on a *de novo* resentencing under § 2255, the district court "applie[s] the guidelines in effect at the time of resentencing, not at the time of the original sentencing," pursuant to § 3553(a)(4)(A)(ii)).

The parties are expected to provide comprehensive briefing on these issues and any other issues that the parties opine are pertinent to resentencing in this case. Even if a party is willing to concede an issue, that party nonetheless should analyze the sentencing doctrines at play, their application to this case, and the pertinent authority that governs what version of the Sentencing Guidelines control at a § 2255 resentencing hearing. The parties also should provide proposed guidelines calculations under the guidelines in effect at the time of the original sentencing hearing *and* the current guidelines.

### III.  CONCLUSION

For the foregoing reasons, a ruling on Petitioner Timothy Jevon Sewell's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. # 1) is held in abeyance pending additional briefing from the parties.  The parties are DIRECTED to file briefs on the issues set out in this opinion, and on any other issues the parties deem relevant to resentencing.  Briefs shall be filed on or before **September 8, 2016**.

DONE this 29th day of August, 2016.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE