IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY JEVON SEWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-460-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Petitioner Timothy Jevon Sewell obtained authorization under 28 U.S.C. §§ 2252(h)(2) and 2244(b)(3) from the Eleventh Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2255 motion. This is that motion. (Doc. # 1.) Sewell moves the court to correct his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which voided for vagueness the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and which applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). In a prior Order, the court found that Sewell no longer has three predicate convictions to support an ACCA-enhanced sentence on his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 4) and that, therefore, his ACCA sentence is unlawful. (Doc. # 11.) However, because Sewell's 180-month sentence on Count 4 runs concurrently with a 250-month sentence on his

drug-trafficking convictions (Counts 1 and 2), the court held in abeyance a ruling on Sewell's § 2255 motion and required the parties to provide additional briefing on two issues: (1) Whether Sewell should be resentenced under the sentencing package doctrine or the concurrent sentence doctrine; and, (2) if resentencing is appropriate under the sentencing package doctrine, which version of the advisory Sentencing Guidelines governs at a resentencing hearing following a successful § 2255 motion. This Order addresses these two issues.

## I.  DISCUSSION

**A.     Resentencing under the sentencing package doctrine is warranted.**

Sewell and the government advocate for application of the sentencing package doctrine. The sentencing package doctrine is a "common judicial practice grounded in a basic notion" that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant [18 U.S.C.] § 3553(a) factors."[1] *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). The presumption is that "sentences on each count of a multi-count indictment are part of a package" and that a successful attack on the sentence of some but not all counts unbundles that package, authorizing the district court to revisit the entire

---

[1] The differences between the sentencing package and concurrent sentence doctrines are addressed in the prior order (Doc. # 11); hence, elaboration is not required here.

sentence.  *Id.* at 1017.  This doctrine applies whether the resentencing occurs in a § 2255 proceeding or on remand from a direct appeal.  *Id.*

Accordingly, it is appropriate to resentence Sewell on all counts if the drug-trafficking and firearms counts are interdependent, and they are.  "Counts grouped together pursuant to the sentencing guidelines are interdependent."  *Willits v. United States*, No. 2:04-CR-100-FTM-33CM, 2016 WL 1670580, at *2 (M.D. Fla. Apr. 26, 2016) (citing *United States v. Rozier*, 485 F. App'x 352, 356 (11th Cir. 2012) (observing that the defendant's grouped counts were interconnected)).  The presentence investigation report, which the probation officer prepared for Sewell's original sentencing hearing, grouped Counts 1, 2, and 4 under United States Sentencing Guideline § 3D1.1(a) and § 3D1.2(d).  The counts were grouped because the felon-in-possession count embodied conduct, *i.e.*, possession of a dangerous weapon, that was a specific offense characteristic that enhanced the base offense level for the drug-trafficking counts, and the base offense level was determined largely based upon the quantity of the controlled substance.  *See* U.S.S.G. §§ 3D1.1(a), 3D1.2(d).  Hence, because the total offense level under the Sentencing Guidelines was based upon a single calculation that grouped the counts of conviction together, the counts are interdependent.  The sentencing package now has been disrupted by the inclusion of an unlawful ACCA-enhanced sentence on Count 4,

and, under the sentencing package doctrine, resentencing on all counts is the appropriate form of relief.

**B.     The court will apply the version of the Sentencing Guidelines in effect on the date of resentencing.**

Complying with the court's directive, the parties have briefed which version of the advisory Sentencing Guidelines should govern at the resentencing hearing. Again, the parties are in agreement. They contend that the court should apply the Sentencing Guidelines in effect at the time of sentencing.

The general rule is that, in fashioning a sentence, the district court should consider the guidelines that "are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii); *see also* U.S.S.G. § 1B1.11 ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). There are exceptions to this rule, but those exceptions do not apply here. First, § 3553(a)(4)(A)(ii) expressly excludes from its rule cases that fall within 18 U.S.C. § 3742(g). Section 3742(g) pertains to a resentencing after remand from the court of appeals and, thus, is not relevant here.[2] Second, the general rule gives way where application of the guidelines in effect on the date the defendant is sentenced would

---

[2] Neither the parties nor the court uncovered any decision in the Eleventh Circuit that applied § 3742(g) in the context of a post-§ 2255 resentencing hearing. The Eighth Circuit—which appears to be the only circuit decision to speak directly to the issue at hand—concluded that, at a *de novo* resentencing under § 2255, the district court "applie[s] the guidelines in effect at the time of resentencing, not at the time of the original sentencing." *United States v. Tidwell*, 827 F.3d 761, 764 (8th Cir. 2016).

violate the *Ex Post Facto* Clause. *See* U.S.S.G. § 1B1.11(b)(1). Neither party contends that the use of the current guidelines works to Sewell's disadvantage. Hence, the general rule of § 3553(a)(4)(A)(ii) applies. In sum, based upon careful consideration of the arguments of counsel and the applicable law, Sewell's new sentence will be calculated based on the 2016 version of the Sentencing Guidelines.

## II.  CONCLUSION

Because Sewell does not have three qualifying predicate offenses under the ACCA, his sentence enhancement under the ACCA is illegal. Sewell's § 2255 motion will be granted; his sentence will be vacated; and his criminal case will be set for resentencing. Accordingly, it is ORDERED as follows:

(1) Petitioner Timothy Jevon Sewell's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. # 1) is GRANTED.

(2) The sentence, entered in *United States v. Sewell*, No. 2:03-CR-232 (M.D. Ala. Oct. 26, 2005), is VACATED.

(3) A resentencing hearing in *United States v. Sewell*, No. 2:03-CR-232, is set on **January 13, 2017, at 10:30 a.m.**, in courtroom 2-B of the Frank M. Johnson, Jr. U.S. Courthouse, in Montgomery, Alabama. Sewell shall remain in custody pending resentencing. The United States Marshal is DIRECTED to arrange for Sewell's appearance at this hearing, and the Clerk of the Court is DIRECTED to provide a court reporter.

(4) The deadlines in Federal Rule of Criminal Procedure 32 are modified to expedite the resentencing hearing. The United States Probation Office shall prepare an addendum to the PSR, which includes information on Sewell's post-conviction conduct, and shall disclose the addendum to Defendant, counsel for Defendant, the Government, and the court on or before **December 13, 2016**. Any objections to the PSR addendum shall be filed under seal on or before **December 20, 2016**.

(5) The Clerk of the Court is DIRECTED to file this Memorandum Opinion and Order, along with the accompanying Final Judgment, in *United States v. Sewell*, 2:03-CR-232 (M.D. Ala.).

(6) The Clerk of the Court is DIRECTED to furnish copies of this Order to counsel, to the United States Probation Office, and to the United States Marshal.

DONE this 28th day of November, 2016.

                                        /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE